[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant moves for summary judgment in this municipal tax appeal. The basis for the appeal is that, on August 22, 1996, the town entered into a stipulated judgment in a previous tax appeal pertaining to the same property, Turkington v. Windham,
Superior Court, Windham J.D., Docket No. CV94-0048553, whereby the town agreed that "the true and actual valuation of the property known as 90 South Park Street . . . as of October 1, 1993 and for each grand list thereafter until said property shall be revalued in accordance with the next real property revaluation in the Town of Windham is, and shall be: $753,000.00."
In its answer, the town admits it has valued the subject property, as of October 1, 1997. at $851,600.
The court finds that there is no genuine dispute as to the existence of the stipulated judgment; to the fact that no general, town-wide revaluation has occurred since that judgment; nor to the ownership of the property by the appellant.
Summary judgment should be rendered if the pleadings, affidavits, and other proof submitted discloses that no genuine factual dispute exists and that the movant is entitled to judgment as a matter of law, Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-5 (1998). The only disputed issue in this case is the proper interpretation of the language of the stipulated judgment.
Generally, a court construes a judgment just as it would any other document or contract, Mazziotti v. Allstate InsuranceCompany, 240 Conn. 799, 806 (1997). The intent of the parties to a stipulated judgment may be express or implied, Id., 807. Also, questions of intent are usually questions of fact unless the language under scrutiny is unambiguous, Id.
The plaintiff contends that the clause "shall be revalued in accordance with the next real property revaluation in the town" refers to the next general revaluation under General Statute § CT Page 1393812-62. That statute requires the periodic revaluation of all real estate in a municipality. The town, on the other hand, argues that the clause refers to the next time any individual piece of real estate within the town is reassessed, such as under General Statute § 12-53a for new construction.
The court holds that the language of the stipulated judgment is clear and unambiguous. The judgment uses the words "revalued" and "revaluation." The only places in our municipal real estate taxation statutes where these words are employed is in relation to town-wide revaluation, see e.g. General Statute §§ 12-62a
through 12-62j. The statutes which permit interim reassessment, e.g. § 12-53a for a new construction, never employ those words. Also, the judgment requires that the appellant's property be revalued "in accordance with the next real property revaluation in the town." (Emphasis added). It is preposterous to propose that the appellant's property would be revalued "in accordance" with the rules for some interim reassessment which may be totally unrelated to the circumstances found on the subject property, e.g. See General Statute § 12-64a pertaining to reassessment where a structure was damaged and demolished.
The appellant is, therefore, entitled to judgment as a matter of law. The town bound itself to fix the true value of the appellant's property at $753,000 until the next general revaluation which has yet to occur. Summary judgment is rendered for the appellant.
Sferrazza, J.